

FILED
JUN 30 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| LEONIDAS BIMENYIMANA )<br>#A079 187 646 )<br>Related Case: A 088 168 072 )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br>JOSEPH HIGGS, JR., Superintendent, )<br>Rappahannock Regional Jail; )<br>THOMAS DECKER, Field Office )<br>Director, Office of Detention and )<br>Removal, U.S. Immigration and Customs )<br>Enforcement; )<br>JAMES T. HAYES, JR., Director, )<br>Office of Detention & Removal, )<br>U.S. Immigration and Customs )<br>Enforcement; )<br>JOHN P. TORRES, Acting Assistant )<br>Secretary, )<br>U.S. Immigration and Customs )<br>Enforcement; )<br>JANET NAPOLITANO, Secretary, )<br>Department of Homeland Security; and )<br>ERIC HOLDER, Attorney )<br>General, )<br> )<br>Respondents. )<br> ) | Petition for a Writ of Habeas Corpus<br><br>Case No. 1:09cv721 TSE/TCB |

**PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

Petitioner, Leonidas Bimenyimana, hereby petitions this Court for a writ of habeas corpus to remedy his unlawful detention and to enjoin his continued unlawful detention by the

1

Respondents. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

## CUSTODY

1. Petitioner is in the custody of the U.S. Immigration and Customs Enforcement ("ICE").[1] He is detained at the Rappahannock Regional Jail in Stafford, Virginia. ICE has contracted with the Rappahannock Regional Jail to house immigration detainees such as the Petitioner. Petitioner is under the control of the Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. This Court has jurisdiction under 28 U.S.C. § 2241, art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See Zadvydas v. Davis, 533 U.S. 678 (2001). This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

3. Venue lies in the Alexandria Division of the United States District Court for the Eastern District of Virginia, as one or more Respondents resides in the Eastern District of Virginia.

---

[1] Note that "ICE" also refers, for the purposes of this petition, to its predecessor, the Immigration and Naturalization Service.

## PARTIES

1. Petitioner Leonidas Bimenyimana is a native of Rwanda. Mr. Bimeyimana was brought to the United States by the United States government pursuant to an agreement the that United States Government reached with the Rwandan government on February 26, 2003 regarding transporting the Respondent to the United States to face criminal charges in federal district court in the District of Columbia.

2. On January 5, 2007, the Government moved to dismiss the case in which the Respondent was charged, along with the cases against his two co-defendants. The motion was granted and an order dismissing the case was signed on February 7, 2007.

3. The Petitioner has been in the custody of ICE since February 7, 2007. In all, he has been detained for over six (6) years, without any criminal convictions.

4. Respondent Joseph Higgs, Jr. is the superintendent of Rappahannock Regional Jail and as such, has direct control over Mr. Bimenyimana.

5. Respondent Deborah Achim is the ICE Field Office Director in Washington, D.C. and is Mr. Bimenyimana's immediate custodian.

6. Respondent James T. Hayes is the Director of ICE's Headquarters Office of Detention and Removal in Washington, D.C. and is responsible for managing the detention of aliens and the completion of final order removals. In this official capacity, Mr. Torres is also a legal custodian of Mr. Bimenyimana.

7. Respondent John P. Torres is the Assistant Secretary of ICE and as such is a custodian of Mr. Bimenyimana.

8. Respondent Janet Napolitano is the Secretary of the Department of Homeland Security. She is responsible for the administration of ICE and the enforcement of the INA. As such, she is also a custodian of Mr. Bimenyimana.

9. Respondent Eric Holder is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the INA. As such, he is also a custodian over Mr. Biemenyimana.

## EXHAUSTION OF REMEDIES

10. Mr. Bimenyimana has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. After the Supreme Court's decision in Zadvydas, Attorney General Ashcroft issued a memorandum outlining how such aliens may seek release from custody pursuant to Zadvydas. See Memorandum, John Ashcroft, Attorney General July 19, 2001: Post-Order Custody Review After Zadvydas v. Davis, 66 Fed. Reg. 38,433 (2001) ("Ashcroft Memorandum"). This Petition shall be treated by ICE as a request for custody review subject to the terms of the Ashcroft Memorandum. Neither the Ashcroft Memorandum nor ICE's previous custody review procedures at 8 C.F.R. § 241.4 provides another method of obtaining or appealing a custody review decision. No statutory exhaustion requirements apply to Petitioner's claim of unlawful detention.

## STATEMENT OF FACTS

11. Petitioner Bimenyimana is a Rwandan citizen who was paroled into the United States in 2003. Petitioner has been in ICE custody since February 7, 2007, when the criminal

case against him was dismissed on a motion of the Office United States Attorney in Washington, D.C. and he was released from pre-trial detention. An Immigration Judge ordered the Petitioner removed on September 5, 2007, but ordered that his removal be deferred under the Convention Against Torture. The Board of Immigration Appeals (hereinafter "BIA") affirmed that order on February 11, 2008.[2]

13. Petitioner has only ever lived in Rwanda and the Congo, as a refugee. Petitioner has support in the United States in the form of Rosemary Strange and Father Michael Bryant, both chaplains at D.C. Jail, who have attempted to aid Petitioner in obtaining release from detention since his criminal case was dismissed. In the past in trying to pursue release from ICE, Petitioner has been referred to the Salvation Army's Welcome Home Program by Father Michael Bryant. The Welcome Home Program is a nine month program that focuses on transitioning individuals from detention into society. It offers assistance in seeking employment and housing. It also provides support services such as mentoring, counseling services, education and training, as well as clothing and transportation assistance. *See* Attachment A: *Welcome Home Program Brochure;* Attachment B: *Letter from Father Michael Bryant.*

Ms. Strange has also remained a committed advocate for the Mr. Bimenyimana and has reached out on his behalf to many national and international resources.

14. Mr. Bimenyimana has never been convicted of any crime. In fact, the Government moved to dismiss the criminal case against him nearly two years ago, after holding him for nearly four years pending trial.

---

[2] On February 28, 2008, the BIA issued an amended decision, which did not change the substance of the order of affirmance of the Immigration Judge's decision.

15. The Immigration Court ordered Mr. Bimeyimana's removal on September 5, 2007. With that same order, the Immigration Court ordered the deferral of removal under Article 3 of the Convention Again Torture. Mr. Bimenyimana appealed and the Board affirmed the Immigration Judge's order on February 11, 2008. On February 28, 2008, the Board issued an Amended Decision which retained the original order, but added additional language authorizing further security proceedings, if necessary.

16. To date, ICE has been unable to remove Petitioner Bimenyimana to his home country, Rwanda, or any other country. In addition, Rosemary Strange has made efforts on the Mr. Bimenyimana's behalf to try to contact other countries directly, with no success.

17. Petitioner Bimenyimana has cooperated fully with all efforts by ICE to remove him from the United States. Mr. Bimenyimana is unable to return to Rwanda because of the threat of torture if he returns there, which was the basis of the Immigration Judge's decision. Mr. Bimenyimana's case exposed the Rwandan government's use of torture against him, as well as other's in the Government's custody. This same government continues in power in Rwanda to this day.

18. Although ICE continues to state that there is no reason to believe that the Petitioner's removal will not take place within the reasonably foreseeable future, in the eleven months since the finalization of the Immigrations Court's order of removal, neither ICE or the Petitioner has been able to locate a third country to which Mr. Bimenyimana may go. There is no reason to believe that this will change in any way.

19. Mr. Bimenyimana does not pose a danger to the community. He has not been convicted of any crime, nor has he had any disciplinary action taken against him while in ICE

detention. Prior to that, he had an exemplary conduct record while in detention in Washington, D.C.

20. Without intervention from this Court, Mr. Bimenyimana, whom ICE has detained since February, 2007, will face continued indefinite detention, possibly for several years or even the remainder of his natural life, without ever having been convicted of any criminal offense.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

21. Mr. Bimeyimana is in custody pursuant to INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). Under INA § 241(a)(1), 8 U.S.C. § 1231(a)(1), ICE shall remove aliens within 90 days of receiving an administrative final order of removal. Further, for aliens with a final order of removal who have entered the United States, INA § 241 has been interpreted by the Supreme Court in Zadvydas to only authorize continued detention for a period reasonably necessary to secure the alien's removal. See Zadvydas, 533 U.S. at 699-700. In Clark v. Martinez, 543 U.S. 371 (2005), the Supreme Court held that its ruling in Zadvydas applies equally to inadmissible aliens. The Supreme Court found in Zadvydas that six months is the presumptively reasonable period for removal in most cases. See id. at 701. Since Mr. Bimenyimana order of removal became final on either February 11, 2008,[3] his 90-day statutory removal period ended on May 12, 2008, and his six-month presumptive removal period under Zadvydas ended August 11, 2008.

22. Mr. Bimenyimana's deportation order cannot be effectuated by ICE.

23. Mr. Bimenyimana's continued detention is unconstitutional.

---

[3] The February 28, 2008, BIA Amended Decision, which did not change the substance of the February 11, 2008 decision which affirmed the Immigration Judge's decision of removal.

24. In Zadvydas, the Supreme Court recognized that aliens released from custody pursuant to Zadvydas would be subject to orders of supervision, and would be subject to conditions amounting to "supervised release." See Zadvydas, 533 U.S. at 696.

## CLAIMS FOR RELIEF

### COUNT ONE
### STATUTORY VIOLATION

25. Petitioner re-alleges and incorporates by reference paragraphs 1 through 24 above as if set forth here in full.

26. Mr. Bimenyimana's continued detention by Respondents violates INA § 241(a)(6), as interpreted in Zadvydas. Mr. Bimenyimana's 90-day statutory removal period and six-month presumptively reasonable period for continued removal efforts have both passed. It is extremely unlikely that the Respondents will be able to remove the Petitioner in the reasonably foreseeable future, because the same regime which the Immigration Judge and BIA found likely to torture Mr. Bimenyimana remains in place, and does not seem likely to change in the foreseeable future. This means that under Article 3 of the Convention Against Torture, Mr. Bimenyimana cannot be returned to Rwanda. Despite the efforts of ICE, if any and Mr. Bimenyimana himself, he has been unable to locate an acceptable third country to which he may be released. The Supreme Court held in Zadvydas that the continued detention of someone like Petitioner is unreasonable and is not authorized by INA § 241.

### COUNT TWO
### SUBSTANTIVE DUE PROCESS VIOLATION

27. Petitioner re-alleges and incorporates by reference paragraphs 1 through 26 above as if set forth here in full.

28. Mr. Bimenyimana's continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. The Due Process Clause requires that the deprivation of Mr. Bimenyimana's liberty be narrowly tailored to serve a compelling government interest. While the Respondents may arguably have had a compelling government interest in detaining Mr. Bimenyimana in order to effect his deportation, that interest does not exist if Mr. Bimenyimana cannot be deported. Zadvydas thus interpreted INA § 241 to allow continued detention only for a period reasonably necessary to secure the alien's removal because any other reading would go beyond the government's articulated interest -- to effect the alien's removal.

## COUNT THREE
## PROCEDURAL DUE PROCESS VIOLATION

29. Petitioner re-alleges and incorporates by reference paragraphs 1 through 29 above as if set forth here in full.

30. Under the Due Process Clause of the United States Constitution, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. Mr. Bimneyimana has been denied that opportunity. There is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a panel review determination that violates Zadvydas.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release the Petitioner from custody;

3) Order Respondents to refrain from transferring the Petitioner out of the jurisdiction of Field Office Director Calvin McCormick during the pendency of these proceedings and while the Petitioner remains in Respondents' custody;

4) Award to Mr. Bimenyimana reasonable costs and attorneys' fees; and

5) Grant any other and further relief which this Court deems just and proper.

Date: _____

                                    Respectfully submitted,

Ofelia Lee Calderon
VSB 76566
Calderon & Derwin, PLC
933 N. Kenmore St.
Suite 218
Arlington, VA 22201

Jeffrey B. O'Toole
Danya A. Dayson
O'Toole, Rothwell, Nassau & Steinbach
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
(202) 775-1550